IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
SAMEER A. QADRI, BAR NO. 12631

No. 80984

FILED

OCT 23 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

*ORDER IMPOSING RECIPROCAL DISCIPLINE
AND DISBARRING ATTORNEY*

This is a petition under SCR 114 to reciprocally discipline attorney Sameer A. Qadri, based on discipline imposed on him in California. Qadri was disbarred from the practice of law in California on January 22, 2015, and he did not self-report the discipline to the Nevada State Bar. He opposes this petition.

The California State Bar's Notice of Disciplinary Charges alleged misconduct based on Qadri's representation of 40 clients who retained him for home loan modifications in 2012. Thereafter, Qadri and the California State Bar stipulated to the facts, conclusions of law, and disposition and order approving Qadri's involuntary inactive enrollment and disbarment.[1] The admitted facts establish that after a 90-day suspension from the practice of law in 2013, Qadri failed to file an affidavit under California RPC 9.20(c), confirming that he complied with provisions of that rule, which require that he notify clients and others of his suspension and return clients' papers and any unearned fees. Qadri violated California RPCs 1-300(B) (unauthorized practice of law in another jurisdiction) and 4-

---

[1]The disbarment order also requires that Qadri pay $143,208.70 in restitution to his clients.

20-38948

200(A) (fees for legal services) by performing loan modification legal services in jurisdictions where he is not licensed to practice law or charge and collect legal fees.[2] He violated California RPCs 3-700(A)(2) (termination of employment) and 3-700(D)(1) (release of file) by sending a letter to at least 16 clients informing them that he would not be performing any additional legal services on their behalf, but failing to return files to the 16 clients who requested their files.[3]

As found by the California State Bar Court and agreed to by Qadri, Qadri's acts of misconduct were willful in nature. Also, as stipulated, one mitigating circumstance (cooperative attitude by entering into a stipulation for discipline before trial) and three aggravating circumstances (prior disciplinary record, vulnerability of victims, and multiple offenses) apply. Under SCR 114(4), this court must impose identical reciprocal discipline unless the attorney demonstrates, or this court finds, that one of four exceptions applies. Qadri argues the third exception applies because the "the misconduct established warrants substantially different discipline in this state." SCR 114(4)(c) We disagree. Qadri has been suspended from the practice of law in Nevada since July 7, 2014, based on an earlier

---

[2]All but 1 of the 40 loan modification cases were for properties located outside of California or Nevada, the two states where Qadri is licensed.

[3]California amended and renumbered its rules effective November 1, 2018. The Rules listed above are those that were in effect when Qadri was disciplined. Qadri's California rule violations are equivalent to RPC 1.5(a) (fees); RPC 1.16 (declining or terminating representation), RPC 5.5(a)(1) (unauthorized practice of law), and SCR 115 (notice of change of license status; winding down of practice). Qadri also violated California Business and Professions Code (BPC) § 6106.3 (accepting advance fees for loan modification services), for which there is no equivalent Nevada rule.

California disciplinary matter involving similar misconduct.[4] *In re Discipline of Qadri*, Docket No. 64797 (Order Imposing Reciprocal Discipline, July 7, 2014). Qadri failed to report his subsequent 2015 California disbarment, which addressed Qadri's misconduct that harmed 40 vulnerable clients and involved the unauthorized practice of law and collection in multiple jurisdictions. Based on the duties violated, Qadri's willful mental state, the injury to his clients, the public, and the profession caused by his misconduct, and the three aggravating circumstances and one mitigating circumstance, *see In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008) (listing factors to consider in determining appropriate discipline), we conclude disbarment is warranted. Thus, we grant the petition for reciprocal discipline. Accordingly, attorney Sameer A. Qadri is hereby disbarred from the practice of law in this state. Qadri and the State Bar shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Pickering

_____, J.          _____, J.
Gibbons                       Hardesty

_____, J.          _____, J.
Parraguirre                   Stiglich

_____, J.          _____, J.
Cadish                        Silver

---

[4]Qadri is also suspended for non-payment of license fees.

cc: Reisman Sorokac
Chair, Southern Nevada Disciplinary Board
Bar Counsel, State of Nevada
Executive Director, State Bar of Nevada
Admissions Office, U.S. Supreme Court

SUPREME COURT
OF
NEVADA

(O) 1947A